[L. A. No. 29658. In Bank. Nov. 12, 1969.]

LEON J. PINSKER, Plaintiff and Appellant, v.
PACIFIC COAST SOCIETY OF ORTHODONTISTS et al.,
Defendants and Respondents.

**COUNSEL**

Leslie B. Joseph, Gyler & Gottlieb and Emanuel Gyler for Plaintiff and Appellant.

Peart, Hassard, Smith & Bonnington, Alan L. Bonnington, Overton, Lyman & Prince and Fred S. Lack, Jr., for Defendants and Respondents.

**OPINION**

**McCOMB, J.**—Plaintiff appeals from a judgment granted to defendants pursuant to section 631.8 of the Code of Civil Procedure at the close of plaintiff's evidence, insofar as the judgment is based on the view that, in the absence of a showing of "economic necessity" for membership in defendant organizations, plaintiff is not entitled to judicial review of their denial of his application for membership. Defendants are American Association of Orthodontists (AAO), Pacific Coast Society of Orthodontists (PCSO),

Pacific Coast Society of Orthodontists, Southern Component (PCSOS), and various officers and committee members thereof.[1]

*Facts*: Plaintiff is a member of the American Dental Association (ADA) and obtained a license in 1953 to practice general dentistry in this state, granted pursuant to the Dental Practice Act. (Bus. & Prof. Code, § 1600 et seq.) He began to practice here in 1954, and two years later formed a partnership in Long Beach with Dr. Max Schleimer. Plaintiff and Dr. Schleimer, as partners, practiced orthodontics, one of eight dental specialties recognized by the ADA, which sets the standards for the dental profession in the United States.

The Dental Practice Act does not provide for the separate licensing of specialists in the field of orthodontics. The only recognized certification therein is the "Diplomate" certificate conferred by the American Board of Orthodontics (ABO), which is recognized by the ADA as the sole certifying board within this specialty. Membership in the AAO is apparently, if not absolutely essential, at least extremely helpful in obtaining ABO certification. It may also be a prerequisite to attaining membership in certain foundations dedicated to special orthodontics techniques and being admitted to certain advanced educational programs. In order to attain membership in the AAO, a dentist practicing in plaintiff's area must first become a member of the PCSOS, membership in which would, in turn, qualify him as a member of the PCSO, as well as the AAO.

After formation of the partnership with Dr. Schleimer, plaintiff, who had taken certain postgraduate courses in mouth rehabilitation before coming to California, enrolled at Columbia University Division of Orthodontics. There he completed a 17 months' postgraduate course and received a Certificate of Training in Orthodontics, the rough equivalent of a master's degree. In this way, plaintiff obtained more than 1,500 clock hours of course work in orthodontia at a dental school certified by the ADA Council on Dental Education, one of the requirements for membership in defendant organizations.

While he was still at Columbia, plaintiff applied for membership in PCSOS, with the understanding that his application would be passed upon after completion of his course work. After returning to California, plaintiff was notified by letter that his application had been denied, but no reason was stated for his rejection.

After plaintiff requested that the Secretary of PCSOS give him some

---

[1]Defendant AAO is a Pennsylvania nonprofit corporation. Defendants PCSO and PCSOS are likewise nonprofit corporations, the former being one of at least eight regional constituent societies of the AAO, and the latter being a component of the PCSO in a certain geographical area.

reason for the rejection, he was contacted by Dr. Lee, a Long Beach member of PCSOS, at the secretary's request. According to plaintiff's testimony, Dr. Lee told him that ordinarily the reason for rejection is confidential, but that he felt he could divulge it "off the record," and stated: "Aren't you in there [practicing in partnership with] Dr. Schleimer, who is a non-member of the Association, and aren't you working on each other's patients . . . [I]f you can change that relationship, I would think that your application might be favorably reconsidered." Plaintiff allegedly promised to take immediate steps to segregate his patients from those of Dr. Schleimer. He reapplied for membership and claims that the separation of patients was completed within a few weeks after his conversation with Dr. Lee. Defendants offer to prove, on a resumption of trial sought by them, that this is not so. A few months after plaintiff's second application was filed, he received a notice of "final rejection," which, like the first notice, contained no reasons.

Thereafter, plaintiff filed the present action seeking an injunction to require defendants to admit him as a member of AAO and PCSOS.[2] In granting defendants' motion under section 631.8 of the Code of Civil Procedure upon the close of plaintiff's case, the trial court concluded that "There is no economic or other necessity for membership in defendant associations justifying judicial intervention. . . . Plaintiff has no right to judicially compel defendants to admit him to membership." Thus, the trial court followed the rule urged by defendants that a voluntary association's refusal of membership to an applicant does not give rise to a legal remedy, no matter how arbitrary or unfair the refusal, unless the applicant can show that the refusal infringes a contractual or property right of his or that the organization effectively controls his right and ability to earn a living. (See *James* v. *Marinship Corp.,* 25 Cal.2d 721 [155 P.2d 329, 160 A.L.R. 900]; *Smith* v. *Kern County Medical Assn.,* 19 Cal.2d 263 [120 P.2d 874]; *Tatkin* v. *Superior Court,* 160 Cal.App.2d 745, 755 [326 P.2d 201]; *Falcone* v. *Middlesex County Medical Soc.,* 34 N.J. 582 [170 A.2d 791, 89 A.L.R.2d 952]; compare *Kronen* v. *Pacific Coast Soc. of Orthodontists,* 237 Cal.App.2d 289 [46 Cal.Rptr. 808]; *Blende* v. *Maricopa County Medical Soc.,* 96 Ariz. 240, 245 [393 P.2d 926, 930] [applicant's general right to due process].)

At the trial, it was stipulated, and the trial court found, that plaintiff had fulfilled all the requirements for membership as stated in the constitution and bylaws of defendant organizations except that he had not been elected to membership by the board of directors.

*Questions:* First. *Can plaintiff, by showing that exclusion from*

---

[2]Plaintiff further sought damages for infringement of advantageous relationships, malicious misconduct, and restraint of trade, but he does not appeal from the trial court's finding that he failed to prove any such damage.

*membership in defendant associations deprives him of substantial economic advantages, establish a right to judicial intervention with respect to the denial of his application for membership?*

*Yes.* Membership in AAO and its constituent organizations is not essential for a dentist desiring to specialize in orthodontics. Plaintiff's specialization in orthodontics is proper under both the Dental Practice Act and the ADA's code of ethics, and his earnings therefrom are substantial. However, although any licensed practitioner has a right to hold himself out as a qualified specialist, evidence of membership in a specialty group acknowledged by the ADA is the only available sanction of specialized professional qualification; and the trial court found that membership in defendant associations would be economically advantageous to plaintiff and that he had suffered financial loss by reason of their refusal to elect him to membership. Plaintiff contends that he has therefore established an enforceable right to compel defendant associations to admit him.

Plaintiff argues that by being excluded from defendant associations he has been deprived of educational, financial, and professional advantages. He alleges that had he been granted membership, he could anticipate an increase in the number of dentist referrals received, could charge substantially larger fees than he does, and would be eligible to take certain courses not open to him now because he lacks membership in defendant associations.

In cases involving exclusion from membership in trade and professional organizations, the emphasis has been upon the economic necessity, as opposed to the mere social utility, of membership. As stated in *Falcone* v. *Middlesex County Medical Soc., supra,* 34 N.J. 582 [170 A.2d 791, 799, 89 A.L.R.2d 952]: "When courts originally declined to scrutinize admission practices of membership associations they were dealing with social clubs, religious organizations and fraternal associations. Here the policies against judicial intervention were strong and there were no significant countervailing policies. When the courts were later called upon to deal with trade and professional associations exercising virtually monopolistic control, different factors were involved. The intimate personal relationships which pervaded the social, religious and fraternal organizations were hardly in evidence and the individual's opportunity of earning a livelihood and serving society in his chosen trade or profession appeared as the controlling policy consideration . . . ■ Public policy strongly dictates that this power [of exclusion] should not be unbridled but should be viewed judicially as a fiduciary power to be exercised in reasonable and lawful manner for the advancement of the interests of the medical profession and the public generally. . . ."

In *Kronen* v. *Pacific Coast Soc. of Orthodontists, supra,* 237 Cal.App.2d 289

[46 Cal.Rptr. 808], the Court of Appeal determined preliminarily that a dentist whose application for membership in defendant associations had been rejected was entitled to judicial review of the circumstances surrounding the rejection to determine whether the rejection was an arbitrary or unlawful exercise of the power to exclude him. In that case, the rejection of the plaintiff's application was found to be proper, because he failed to meet the requirement that he be recommended by two active members of the constituent society. ▮ In the present case, on the other hand, plaintiff had met all the requirements except election to membership. Nevertheless, statements of the Court of Appeal in its discussion of the right to judicial review are pertinent here. It was there said, at page 304 [3]: "It is common knowledge that in this day of specialization, the doctor or dentist limiting his practice to a specialty enjoys a prestigious position with attendant economic advantages. It appears to us on this record that as a practical matter, an orthodontist like plaintiff cannot successfully limit his practice to orthodontics unless he becomes an active member of defendant organizations."

Because of the unique position in the field of orthodontics occupied by defendant AAO and its constituent organizations, membership therein, although not economically necessary in the strict sense of the word (as was the case in *Falcone*), would appear to be a practical necessity for a dentist who wishes not only to make a good living as an orthodontist but also to realize maximum potential achievement and recognition in such specialty. ▮ Defendant associations hold themselves out to the public and the dental profession generally as the sole organizations recognized by the ADA, which is itself a virtual monopoly, to determine standards, both ethical and educational, for the practice and certification of orthodontics. Thus, a public interest is shown, and the associations must be viewed as having a fiduciary responsibility with respect to the acceptance or rejection of membership applications. (See Tobriner and Grodin, *The Individual and the Public Service Enterprise in the New Industrial State* (1967) 55 Cal.L.Rev. 1247.) Under the circumstances, an applicant for membership has a judicially enforceable right to have his application considered in a manner comporting with the fundamentals of due process, including the showing of cause for rejection.

Second. ▮ *Are defendants entitled to offer evidence upon a retrial to show that their reason for excluding plaintiff was not an arbitrary or capricious one?*

*Yes.* Section 631.8 of the Code of Civil Procedure provides, in pertinent part, as follows: "After a party has completed his presentation of evidence in a trial by the court, the other party, *without waiving his right to offer*

*evidence in support of his defense or in rebuttal in the event the motion is not granted,* may move for a judgment." (Italics added.)

In the present case, the motion was granted, but since the judgment is being reversed on appeal, the situation is the same as if the motion had not been granted. (*Columbia Engineering Co.* v. *Joiner,* 231 Cal.App.2d 837, 858 [17] [42 Cal.Rptr. 241]; see also *Greening* v. *General Air-Conditioning Corp.,* 233 Cal.App.2d 545 [43 Cal.Rptr. 662].) Accordingly, defendants are entitled to present evidence in support of their defense or in rebuttal.

■ A contention has been made that defendants did not claim in the trial court that plaintiff's application was rejected for cause and that they should therefore be foreclosed from presenting evidence on such issue. An examination of the record reveals, however, that in their answer defendants denied the allegation of plaintiff's complaint that his application was denied "arbitrarily, capriciously and without cause" and stated in their proposed findings of fact that the denial of plaintiff's application "was not arbitrary, capricious or without cause as alleged, or otherwise." Although defendants' counsel agreed that "for the purpose of this proceeding" plaintiff had met all requirements except election to membership, defendants never maintained that there was not, in fact, a cause for the rejection of his application; and statements made by counsel for both plaintiff and defendants, as well as by the trial court, show that the understanding of all concerned was that if defendants' motion was denied, they would have an opportunity to present evidence that plaintiff's application was not arbitrarily rejected. Under the circumstances, defendants should be afforded an opportunity to show the truth or falsity of their assertion that their reason for excluding plaintiff from membership was not an arbitrary or capricious one.

That portion of the judgment appealed from is reversed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.