[Civ. No. 37694. Second Dist., Div. Two. Sept. 20, 1971.]

CAL-MEDICON et al., Plaintiffs and Appellants, v.
LOS ANGELES COUNTY MEDICAL ASSOCIATION,
Defendant and Respondent.

## COUNSEL

Gelfand, Berggreen & Feinberg, Mervyn L. Hecht and Roger Jon Diamond for Plaintiffs and Appellants.

Kirtland & Packard and Austin C. Smith, Jr., for Defendant and Respondent.

## OPINION

**FLEMING, J.**—Cal-Medicon, a corporation, and Malcolm F. Dorfman, M.D., appeal an order dismissing their action for injunctive relief against the Los Angeles County Medical Association (LACMA). The trial court sustained LACMA's demurrer to the first amended complaint without leave to amend on the ground that the complaint failed to state a cause of action.

*The Complaint*

Cal-Medicon assists the Los Angeles County Department of Public Social Services in obtaining medical examinations for recipients of the

County's Aid to Totally Disabled program. At the county's request, Cal-Medicon transports persons for medical examination from their homes to the offices of doctors who are designated by the county or who list themselves with Cal-Medicon. Cal-Medicon also transcribes the doctor's examination report and does the doctor's billing and record keeping. Cal-Medicon receives a portion of the fees paid by the county to the doctors.

Dr. Dorfman participates in Cal-Medicon's program. On 22 May 1970 he and other participating doctors received a letter from LACMA:

"It has come to the attention, Doctor Dorfman, of the Committee on Ethics that you have become associated with an organization called Cal-Medicon, Inc., a California corporation. Copies of the files indicate that you have provided a curriculum vitae to that organization and offered your services to patients provided by Cal-Medicon. It is our understanding that you have entered into a contract agreement with Cal-Medicon, Inc.

"It is the opinion of the Committee on Ethics that, by such agreement, you have been in violation of the Code of Ethics of the Amercian Medical Association and the Los Angeles County Medical Association by engaging in the solicitation of patients. In addition, it is the opinion of the Committee on Ethics that there may be a violation of Section 2399 of the Business and Professions Code of the State of California which covers 'cappers and steerers.'

"The Committee on Ethics, therefore, would appreciate receiving from you an explanation of your relationship with Cal-Medicon, Inc. and the activities in which you are engaged in connection with this corporation. Thank you for your cooperation."

The complaint alleges that doctors now fear participating in Cal-Medicon's program because of LACMA's letter, and that Cal-Medicon will become insolvent. Plaintiffs allege they are entitled to a full and impartial hearing with LACMA, and they seek an order restraining LACMA "from making, publishing, issuing, writing, or distributing any communication which states or implies or tends to state or imply that any determination has been made as to whether or not [plaintiff's conduct] is ethical or not [sic] until a fair hearing has been granted."

*Issues*

Cal-Medicon and Dr. Dorfman contend that the complaint states a cause of action based on "business interference" and on a denial of due

process of law; and that in any event they should have been permitted to further amend.

### Business Interference

■  One may not intentionally interfere with the contractual relations of another without justification. (Rest., Torts, § 766; *Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33 [112 P.2d 631].)  ■  Whether an interference is justified "depends on a balancing of the importance, social and private, of the objective advanced by the interference against the importance of the interest interfered with, considering all circumstances, among which the methods and means used and the relation of the parties are important." (*Masoni* v. *Board of Trade of S.F.*, 119 Cal.App.2d 738, 742 [260 P.2d 205]; Rest., Torts, §§ 767-774.)  ■  Although justification is usually a matter of affirmative defense, the complaint may reveal justification on its face. (*Greenberg* v. *Hollywood Turf Club*, 7 Cal.App.3d 968 [86 Cal. Rptr. 885].)

Assuming that LACMA's action is sufficient to constitute an interference with Cal-Medicon's business, justification appears on the face of the complaint. LACMA is an organization of medical doctors formed to protect and advance the interests of both its member doctors and the public. A special relationship exists between the association and its members concerning conduct of the member within the association's ambit. Analogous relationships were recognized in *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 39-40 [172 P.2d 867] (association of insurance companies) and *Masoni* v. *Board of Trade of S.F.*, 119 Cal.App.2d 738, 742-743 [260 P.2d 205] (association of merchants).  ■  That special relationship justifies the association's interference in the conduct of its members. Those who suffer adverse economic effects from the association's actions incidental to its special relationship with its members have no standing to complain.

Other jurisdictions are in accord. In *Porter* v. *King County Med. Soc.*, 186 Wash. 410 [58 P.2d 367], a medical clinic sought damages from a medical society which forced society-member doctors working for the clinic to abandon their contracts by threatening expulsion of the doctors from the society for unethical conduct. The court found that the defendant medical society had invaded no protected interest of the clinic. In *Rockmore* v. *Fein*, 198 Misc. 1060 [99 N.Y.S.2d 409], owners of two medical laboratories sought to enjoin enforcement of a section of the code of ethics of the New York State Society of Pathologists which provided that members could not work for a commercial laboratory. The court found that

the society had a right in good faith to define certain minimal professional requirements for its own members. "If the indirect effect of the adoption of the ethical regulation was to cause the plaintiffs some incidental inconvenience, embarrassment, restraints, or even pecuniary loss, these are consequences that could flow from acts conceived from the highest and most unselfish of professional motives. They do not constitute in and of themselves ground for the granting of the repressive equitable relief sought herein." (99 N.Y.S.2d at p. 412.)

LACMA is justifiably concerned with the ethical conduct of its member, Dr. Dorfman. ■ LACMA's actions toward him give rise to no cause of action for "business interference" incidentally resulting from those actions.

### Due Process of Law

■ Assuming that LACMA properly may be required by the courts to follow due process of law before interfering with the substantial rights of its members (see *Pinsker* v. *Pacific Coast Soc. of Orthodontists*, 1 Cal.3d 160 [81 Cal.Rptr. 623, 460 P.2d 495]), in the circumstances here we find that no grounds for relief have been stated.

First, it is unclear *what* substantial rights have been affected. So far as alleged in the complaint nothing has happened to Dr. Dorfman, no punitive action has been taken against him, only an investigatory letter has been written.

Second, it is unclear *how* substantial rights have been affected. The complaint cryptically avers that "requests for a hearing have been futile, and any results would not be binding on any party." The averment itself is belied by the facts that the complaint was filed only a few days after the letter was written. After amending the complaint and moving to reconsider the granting of the demurrer, plaintiff offered no explanation of this crucial averment.

### Further Amendment

Cal-Medicon and Dr. Dorfman contend in the alternative that they should have been allowed to further amend.

■ We find no abuse of discretion in the denial of further leave to amend. The first amended complaint sets forth the same factual allegations as the original complaint. A motion to reconsider was made, but abandoned. No proposed second amended complaint was offered. In the circumstances the trial court was entitled to conclude that the failure to

make a good pleading " 'arises in a lack of facts rather than in the fault of the pleader.' " (*Loeffler* v. *Wright*, 13 Cal.App. 224, 232-233 [109 P. 269].)

Plaintiffs frankly admit they seek to test the fairness of LACMA's procedures and standards. Assuming the test is properly brought in the courts at all, based on the allegations of the complaint, the test is sought prematurely. Until some unjustified and substantial harm occurs, the courts will not interfere.

The judgment is affirmed.

Herndon, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied October 19, 1971, and appellants' petition for a hearing by the Supreme Court was denied December 2, 1971.