[Civ. No. 19816. Fourth Dist., Div. Two. Mar. 27, 1979.]

CLEMENS A. HACKETHAL, Plaintiff and Appellant, v.
LOMA LINDA COMMUNITY HOSPITAL CORPORATION,
Defendant and Respondent.

**COUNSEL**

Peterson & Guhin and Frank P. Peterson for Plaintiff and Appellant.

Lonergan, Jordan, Gresham, Varner .& Savage and John C. Nolan for Defendant and Respondent.

**OPINION**

**TAMURA, Acting P. J.**—Plaintiff, a medical doctor, petitioned the superior court for a writ of mandate to compel defendant Loma Linda Community Hospital Corporation to set aside its decision not to reappoint him as an associate member of the medical staff and to restore his hospital privileges. The court found that the hospital made its decision without affording plaintiff a fair hearing and entered judgment for a

peremptory writ of mandate directing the hospital to grant plaintiff a proper hearing or to restore his staff privileges forthwith. Plaintiff appeals from the judgment, claiming he was entitled to unconditional reinstatement or, at the very least, to reinstatement pending a proper administrative hearing.

Insofar as they are pertinent to the issues on appeal, the facts may be briefly stated:

Defendant is a private hospital corporation. In December 1972, plaintiff was accepted as an associate member of the hospital medical staff. The staff bylaws provided for annual review and renewal of staff appointments. In June 1975, plaintiff was informed that the executive committee of the medical staff had decided not to reappoint him for the ensuing year commencing July 1, 1975. In accordance with the bylaws, plaintiff sought timely review of the decision but he encountered numerous difficulties in pursuing his administrative remedy. He was not furnished with a list of specific charges against him until at least three months after his dismissal; he was denied access for some time to the medical charts on which his nonreappointment was apparently based; his challenges for bias of some staff members who were designated to judge his professional competency were ignored; and procedures prescribed by the bylaws were disregarded. The hospital's board of directors issued a final decision denying plaintiff's appeal from the executive committee's decision.

Plaintiff thereupon filed a petition for writ of mandate to compel the hospital to rescind its decision and to reinstate his staff privileges. In addition to charges of unfairness in the administrative proceedings, plaintiff alleged that his nonreappointment was in retaliation for his having reported to the district attorney an alleged request for euthanasia of one of his patients made by the patient's relative. The hospital's answer denied the alleged motive for nonreappointment.

The case was submitted on the pleadings, the record of the administrative proceedings, and a copy of the medical staff's bylaws. In a thorough and well considered memorandum of intended decision, the trial judge detailed numerous violations of plaintiff's procedural rights which had occurred during the administrative proceedings. The judge concluded that because of these procedural shortcomings, plaintiff had in effect

received no hearing at all on the merits of the charges.[1] The judge also noted that the administrative record failed to establish plaintiff's allegations respecting the motive for his nonreappointment.[2] The court made findings and conclusions in accordance with the intended decision and rendered judgment that a peremptory writ of mandate issue commanding the hospital to take all necessary steps to give plaintiff a proper administrative hearing on his entitlement to reappointment, "or, in the alternative," to reinstate him "forthwith."

Plaintiff contends that the court should have ordered reinstatement of his staff membership without a new hearing. Failing this, he maintains that his staff privileges should be restored pending the new hearing. We have concluded that plaintiff is not entitled to a judgment mandating his outright reinstatement but that he is entitled to the restoration of his former staff privileges pending a proper administrative hearing.

I

Plaintiff's contention that the court should have ordered his unconditional reinstatement appears to be based on the following arguments: (1) The court should have exercised its independent judgment on the evidence and found that the charges of professional incompetency were untrue; (2) since the hospital failed to conduct a hearing on the merits of plaintiff's right to reappointment, the court should have done so and found plaintiff to be competent and entitled to reappointment; and (3) the court should have found that the motive for his dismissal was not professional incompetency but retaliation for the action he took regarding the alleged request for euthanasia. The contention and the arguments advanced in support of it lack merit.

[1] The court's notice of intended decision reads:

"The effect of Respondent's failure to consider answers or to even make an attempt to resolve the procedural questions resulted in Petitioner's having no evidentiary hearing on his competence at all. This is a violation of due process which needs no citation of authority. When we get tired of procedural problems and rules then the substance of liberty is in danger. It is only by the due application of rules of procedure that men may live together harmoniously and with reasonable reliance on expectations that liberty will not be taken away without proper resort to and application of previously instituted rules.

"Neither side can claim victory. It is pyrrhic at best. From the record we do not know the accuracy of the charges since they have never been adjudicated; . . ."

[2] In his intended decision, the judge said: "[N]or can we conclude, as Petitioner represents, that the question all started because of refusal to participate in euthanasia relative to the patient Audrey Hammond. This is simply not established. Nor do we know why or at whose request Dr. Sturges wrote the initial letter criticizing Petitioner's medical procedures."

■ We agree that at the time the instant case was tried the independent judgment test was the required standard of judicial review in determining whether evidence presented to a private hospital board supported its decision not to reappoint a member of the medical staff. (*Anton v. San Antonio Community Hosp.*, 19 Cal.3d 802, 822-823 [140 Cal.Rptr. 442, 567 P.2d 1162].)[3] However, in the present case the court found that the hospital board failed to conduct an adjudicatory hearing on plaintiff's professional competence. In his intended decision, the judge stated: "From the record we do not know the accuracy of the charges since they have never been adjudicated." Thus, the administrative record was totally inadequate for an informed judicial review of the merits of the controversy, whether by the independent judgment standard or otherwise. The court, therefore, did the only thing it was empowered to do. It properly mandated the administrative body to set aside its decision and conduct a hearing in conformity with the staff bylaws and common law fair procedure. (Code Civ. Proc., § 1094.5, subd. (e) [now subd. (f)];[4] *Anton v. San Antonio Community Hosp., supra,* 19 Cal.3d 802, 825, fn. 24.)

Plaintiff's related contention that, inasmuch as the hospital board failed to adjudicate the merits of the charges, the court should have done so is equally without merit. ■ When a fundamental vested right is substantially affected by an administrative decision, the person aggrieved is entitled to a "limited trial de novo"; the court must "exercise its independent judgment upon the weight of the evidence produced or which could not, in the exercise of reasonable diligence, have been produced before the administrative agency and any evidence which might have been improperly excluded by the administrative agency."

---

[3]In 1978 the Legislature amended Code of Civil Procedure section 1094.5 by adding a new subdivision (d) which reads: "(d) Notwithstanding the provisions of subdivision (c), in cases arising from private hospital boards, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in light of the whole record. Provided, however, in all cases in which the petition alleges discriminatory actions prohibited by Section 1316 of the Health and Safety Code, and the plaintiff makes a preliminary showing of substantial evidence in support of such allegation, the court shall exercise its independent judgment on the evidence and abuse of discretion shall be established if the court determines that the findings are not supported by the weight of the evidence."

[4]Code of Civil Procedure section 1094.5, subdivision (e) [now subd. (f)] provides: "(f) The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law but the judgment shall not limit or control in any way the discretion legally vested in the respondent."

(*Bixby* v. *Pierno*, 4 Cal.3d 130, 143, fn. 10 [93 Cal.Rptr. 234, 481 P.2d 242]; Code Civ. Proc., § 1094.5, subd. (e.).)[5] There is no authority, however, for a complete trial de novo. Such a trial would constitute an invalid usurpation of the administrative adjudicatory power vested in the hospital board.

Plaintiff's contention that the court should have found that retaliation rather than professional incompetency was the reason for the hospital's action merits little consideration.[6] As the trial judge noted, the administrative record failed to substantiate plaintiff's allegations respecting the hospital's motive for his nonreappointment.

## II

The critical issue on this appeal is whether the court should have ordered restoration of plaintiff's staff privileges pending completion of a proper administrative hearing. Despite the wide-ranging contentions in his brief, at oral argument plaintiff's counsel conceded that the main objective of the appeal was to gain plaintiff's reinstatement pending the new administrative hearing ordered by the court.[7]

■ Where an initial staff membership application has been rejected without a fair hearing, courts have said that the doctor is not entitled as a matter of law to an order mandating staff privileges pending a proper administrative hearing on his application. (*Westlake Community Hosp.* v. *Superior Court*, 17 Cal.3d 465, 484-485, fn. 9 [131 Cal.Rptr. 90, 551 P.2d 410]; cf. *Pinsker* v. *Pacific Coast Society of Orthodontists*, 12 Cal.3d 541,

---

[5]Code of Civil Procedure section 1094.5, subdivision (e), provides: "(e) Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) of this section remanding the case to be reconsidered in the light of such evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit such evidence at the hearing on the writ without remanding the case."

[6]Plaintiff attached some exhibits to his petition purporting to support his allegations concerning the hospital's motive but the exhibits were never introduced into evidence at all. This is not to suggest that they would have been admissible if offered. There was no showing that such evidence was improperly excluded at the administrative hearing or could not with reasonable diligence have been produced at such hearing.

[7]We have reviewed all of plaintiff's numerous contentions raised in his brief and find that, except for those discussed, they are so lacking in merit that they deserve no comment.

557, fn. 17 [81 Cal.Rptr. 623, 460 P.2d 495]; see *Martino* v. *Concord Community Hosp. Dist.*, 233 Cal.App.2d 51, 60 [43 Cal.Rptr. 255]; *Wyatt* v. *Tahoe Forest Hospital Dist.*, 174 Cal.App.2d 709, 716 [345 P.2d 93].) ■ However, the question whether a doctor who has been denied reappointment without a fair hearing is entitled to have his hospital privileges reinstated pending a proper administrative hearing appears to be one of first impression.

In the court below the hospital argued that plaintiff was not entitled to staff privileges pending a new hearing because under the bylaws he was not an "ongoing member" but held only an annual membership subject to review and renewal each year. The hospital argued that plaintiff's status was, therefore, no different from that of a doctor seeking initial staff membership. As our high court said in *Anton* v. *San Antonio Community Hosp., supra,* 19 Cal.3d 802, 824, that argument ignores reality. The *Anton* court stated: "The fact that review of this appointment is made mandatory on an annual or biennial basis (through a statutory requirement of reappointment at that interval, as determined by the hospital's bylaws) can by no means be said to render it probationary or tentative in effect. (Cf. *Turner* v. *Board of Trustees* (1976) 16 Cal.3d 818 [129 Cal.Rptr. 443, 548 P.2d 1115].) In short, the full rights of staff membership *vest* upon appointment, subject to divestment upon periodic review only after a showing of adequate cause for such divestment in a proceeding consistent with minimal due process requirements. 'Once having become a member of the hospital . . . staff [, the physician] had *a right to reappointment* until the governing authorities determined after a hearing conforming to the minimum requirements of procedural due process that he did not meet the reasonable standards of the hospital.' (*Woodbury* v. *McKinnon* (5th Cir. 1971) 447 F.2d 839, 842; *italics added.*) (See also *Klinge* v. *Lutheran Charities Ass'n. of St. Louis* (8th Cir. 1975) 523 F.2d 56, 61.)" (*Anton* v. *San Antonio Community Hosp., supra,* 19 Cal.3d 802, 824-825; see also *Westlake Community Hosp., supra,* 17 Cal.3d 465, 468; *Henry Mayo Newhall Memorial Hosp.* v. *Superior Court,* 81 Cal.App.3d 626, 635, fn. 9 [146 Cal.Rptr. 542]; see *Woodbury* v. *McKinnon,* 447 F.2d 839, 842; *Silver* v. *Castle Memorial Hospital,* 53 Hawaii 475, 563 [497 P.2d 564, 572] [reinstatement by injunction pending application of fair procedure]; Sloss & Becker, *The Organization Affected with a Public Interest and Its Members—Justice Tobriner's Contribution to Evolving Common Law Doctrine,* (1977) 29 Hastings L.J. 99.)

In his memorandum of intended decision, the trial judge concluded that as a result of the numerous and flagrant violations of plaintiff's

procedural rights, he in effect received no hearing on the merits of the charges. In the circumstances, failure to order reinstatement of plaintiff's staff privileges pending a proper hearing would permit the hospital to divest plaintiff of his fundamental vested right without a fair hearing contrary to the teaching of *Anton v. San Antonio Community Hosp., supra,* 19 Cal.3d 802. Reinstatement pending a valid hearing would not, as suggested by the hospital, constitute an unwarranted judicial intrusion into the discretionary powers and functions of the hospital board. In deciding whether or not a doctor should be reappointed, the law requires the hospital to exercise its discretion in conformity with procedural requirements of the staff bylaws and common law fair procedures. Mandating the hospital to do only that which the law requires it to do does not limit or control the discretion *legally* vested in the hospital board.

The hospital contends that the public welfare sometimes requires prompt removal of a physician in order to safeguard a patient's health and that plaintiff's reinstatement pending a hearing will hamper the hospital's ability to protect the public interest. We find nothing in the record substantiating the hospital's concern that reinstatement pending the new hearing will endanger patient care at the hospital. The hospital bylaws contain provisions for dealing with such situations; they provide a mechanism for summary suspension of all or any part of a doctor's clinical privileges when immediate action must be taken in the interest of patient care in the hospital. Restoration of plaintiff's status as an associate staff member would not preclude the hospital from exercising the power of summary suspension in the event such action should be necessary.

In the event that a hospital is able to show at time of trial that restoration of a physician's medical staff privileges in the interim between trial and provision of fair procedure will pose actual danger to patient welfare, the trial court may be empowered to withhold an order of reinstatement pending fair hearing. In such a case, the petitioner may be forced to seek another remedy for his unfair divestiture, such as damages. We are not, however, required to meet that question in this appeal, since there were no facts displayed before the court showing that such circumstances existed. The court only had before it the administrative record containing unsubstantiated charges of professional incompetence.

We conclude that in the circumstances plaintiff was entitled to be reinstated as an associate staff member pending a proper administrative hearing and that the judgment should be modified to so provide.

## DISPOSITION

The judgment granting the peremptory writ of mandate is modified in the following particulars:

1. Delete the words "or, in the alternative" at the end of paragraph (a) on page 2 of the judgment and substitute therefor the word "and."

2. In paragraph (b) on page 2 of the judgment, delete the words "Reinstate Petitioner to Respondent's medical staff, forthwith" and substitute therefor the following: "Pending the hearing ordered above, restore to Petitioner the privileges of an associate hospital staff member."

As so modified, the judgment is affirmed. Appellant will recover his costs on appeal.

Kaufman, J., and Domenichini, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.