[No. F042967. Fifth Dist. Apr. 8, 2004.]

ANDREW KIM, Plaintiff and Appellant, v.
SOUTHERN SIERRA COUNCIL BOY SCOUTS OF AMERICA,
Defendant and Respondent.

**COUNSEL**

Richard J. Pabst and Kathryn M. Fox for Plaintiff and Appellant.

Klein, DeNatale, Cooper, Rosenlieb & Kimball, Kenneth A. Holland, James M. Duncan and David J. Cooper for Defendant and Respondent.

**OPINION**

**BUCKLEY, J.—**

## INTRODUCTION

Appellant Andrew Kim (Kim) filed suit seeking an order compelling respondent Southern Sierra Council Boy Scouts of America (Boy Scouts) to promote him to the rank of Eagle Scout.[1] The trial court determined that Kim had not pled a legally valid cause of action and sustained respondent's demurrer without leave to amend. As we also conclude that Kim cannot allege facts sufficient to state a cause of action under any legal theory, we will affirm.

## FACTS

Kim was a member of the Boy Scouts. He was not promoted to the rank of Eagle Scout on or before his 18th birthday. (One reasonably may infer from the operative pleading that a boy must meet eligibility requirements for rank promotion on or before this day.) Kim sued the Boy Scouts and two individuals: Cindy Basheem, who was an officer and member of the advancement committee, and John Street, who was the scout master and chief administrative officer. Basheem and Street were later dismissed. In Kim's "Second Amended Complaint for Fair Procedure," Kim alleged that he was denied the opportunity to be promoted to the rank of Eagle Scout because he was given incomplete and misleading information concerning the activities he was required to complete in order to be eligible for promotion. Kim also alleged that he had satisfied the minimum eligibility requirements that were

---

[1] Eagle Scout designation is variously categorized as a rank and as an award. We have elected to refer to Eagle Scout designation as a rank and the process by which one becomes an Eagle Scout as promotion. The procedure by which promotion decisions are made was not set forth in the operative pleading.

conveyed to him. Failure to promote him to the rank of Eagle Scout was alleged to be unreasonable, arbitrary and a violation of Kim's common law right to fair procedure. Kim alleged that "[p]ositive perceptions flowing from hol[d]ing the honorary position of Eagle Scout would have enormous benefit to [him] today. That perception would continue throughout his lifetime. The honor and prestige of being an Eagle Scout would have scholastic, professional and economic benefits to [him] that are immeasurable."[2]

In its order sustaining respondents' demurrer without leave to amend, the trial court reasoned that authorities cited by Kim in support of his position that the right to fair procedure applies to Boy Scout rank promotion decisions were inapposite because they "all involved the exclusion of a member from a private organization. [Kim] is unable to identify any authority that the denial of an award by a private organization states a cause of action."

The instant appeal followed. The parties agree that when a demurrer is sustained, the appellate court reviews the complaint de novo in order to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42–43 [96 Cal.Rptr.2d 354] (*Rakestraw*).)

## DISCUSSION

Kim argues that he pled a legally valid cause of action under the common law right to fair procedure.[3] We have concluded that this right does not apply to the decision whether a member of the Boy Scouts should be promoted to the rank of Eagle Scout. Thus, Kim failed to state a legally viable cause of action. As the complaint cannot be amended to cure the defect, we will affirm. (*Rakestraw, supra*, 81 Cal.App.4th at p. 43.)

The common law right to fair procedure protects an individual from arbitrary exclusion or expulsion from membership in a "private entity affecting the public interest" where the exclusion or expulsion has substantial adverse economic ramifications. (*Potvin v. Metropolitan Life Ins. Co.* (2000) 22 Cal.4th 1060, 1070, 1070–1072 [95 Cal.Rptr.2d 496, 997 P.2d 1153] (*Potvin*).) "The purpose of the common law right to fair procedure is to

---

[2] Two exhibits were attached to the second amended complaint. Exhibit A is a letter dated March 20, 2001, from John Street to the "Eagle Scout Advancement Committee." In this letter, Street wrote that Kim "has not met the leadership requirements for Eagle Scout and should not be considered for this high award." Exhibit B is a letter dated January 20, 2001, from Mark Hamilton, the Southern Sierra advancement chairman, to Terry Lawson, director of advancement, in which Hamilton notified Lawson that the advancement committee had denied Kim's request for a six-month extension to finish his camping merit badge and to start and complete his leadership requirement.

[3] Kim did not allege that he was discriminated against in violation of his statutory or constitutional rights because he was a member of a protected class or group, or because he refused to adhere to a religious belief system.

protect, in certain situations, against arbitrary decisions by private organizations." (*Id.* at p. 1066.) When the right to fair procedure is found to apply, "the decisionmaking 'must be both substantively rational and procedurally fair.' " (*Ibid.*)

■ Even if we accept the proposition that the Boy Scouts is a quasi-public organization affecting the public interest,[4] Kim's argument that the doctrine of fair procedure applies to the decision whether he should be promoted to the rank of Eagle Scout fails because Kim cannot cite any decisional authority in which the right to fair procedure was applied to a situation other than exclusion or expulsion from membership. All of the cases cited by Kim concern the exclusion or expulsion of the complainant from membership in a professional society, a trade union or a limited group of health professionals. (See, e.g., *Potvin, supra,* 22 Cal.4th 1060 [physician removed from an insurance company's preferred provider list]; *Rosenblit v. Superior Court* (1991) 231 Cal.App.3d 1434 [282 Cal.Rptr. 819] [revocation of a physician's staff membership and clinical privileges at hospital]; *Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614 [166 Cal.Rptr. 826, 614 P.2d 258] [physician denied staff membership and clinical privileges at hospital]; *Ezekial v. Winkley* (1977) 20 Cal.3d 267 [142 Cal.Rptr. 418, 572 P.2d 32] [surgical resident dismissed from a medical residency program at private teaching hospital]; *Pinsker v. Pacific Coast Soc. of Orthodontists* (1969) 1 Cal.3d 160 [81 Cal.Rptr. 623, 460 P.2d 495] and *Pinsker v. Pacific Coast Society of Orthodontists* (1974) 12 Cal.3d 541 [116 Cal.Rptr. 245, 526 P.2d 253] [orthodontist excluded from membership in a professional dental society]; *James v. Marinship Corp.* (1944) 25 Cal.2d 721 [155 P.2d 329] [worker denied membership in trade union because of his race].) Research did not reveal any state or federal case that applied the right to fair procedure to an organization's decision whether to confer on a member a specific rank, award or leadership role. Kim offers no compelling justification for expansion of existing law to encompass internal decisions that are unrelated to exclusion or expulsion from membership. We do not discern any basis in public policy or a sound legal theory that would warrant such a broad extension of current law.

■ Furthermore, the common law right to fair procedure applies to situations where the challenged exclusion or expulsion adversely affects "an important, substantial economic interest." (*Potvin, supra,* 22 Cal.4th at p. 1072.) Cases where this right was found to apply uniformly involved

---

[4] Neither party addressed the applicability of this element of the common law right to fair procedure; apparently, both parties assumed that the Boy Scouts is the type of quasi-public organization that is subject to this doctrine. Since resolution of this point is unnecessary, we express no opinion on this debatable issue. (See *Curran v. Mount Diablo Council of the Boy Scouts* (1998) 17 Cal.4th 670 at pages 697–698 [72 Cal.Rptr.2d 410, 952 P.2d 218] (*Curran*) for discussion of the primary purpose and activities of the Boy Scouts.)

situations where "the private entities each had substantial power that significantly impaired the affected individuals' ability to work in a particular field or profession." (*Id.* at p. 1071; see also cases cited above.) Kim did not allege that the failure to promote him to the rank of Eagle Scout thwarted or interfered with his pursuit of a lawful trade or profession or that it had caused him to suffer substantial financial loss. We perceive no reason why existing law should be expanded to provide relief for the speculative type of detriment that allegedly is caused by the absence of the prestige and honor associated with a specific rank in or award conferred by a "charitable, expressive, and social organization, like the Boy Scouts, whose formation and activities are unrelated to the promotion or advancement of the economic or business interests of its members." (*Curran, supra,* 17 Cal.4th at p. 697.)

## DISPOSITION

The judgment is affirmed. Costs are awarded to respondents.

Vartabedian, Acting P. J., and Cornell, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 23, 2004.