Searls, C.
This is an action to recover upon a policy-insuring against loss by fire. Plaintiff had judgment for twelve hundred dollars, from which judgment defendant appeals. The cause comes up on the judgment-roll, and is not supported by a statement or bill of exceptions.
It appears from the pleadings and findings that the defendant is, and was at all the times mentioned in the case, a duly organized and acting fire insurance corporation.
That the plaintiff, on the twenty-sixth day of February, 1894, and at all the times mentioned in the complaint, was in the actual, peaceable, and undisturbed possession of eighty acres of land, known as the W. W. Borden farm, fully described in the pleadings, findings, and policy of insurance hereinafter mentioned, and was in like possession of a “ one-story frame dwelling-house situate thereon, and described in said policy, under and by virtue of a partially executed contract and agreement to purchase said land and premises, and a written option thereon (upon which had been paid the sum of one hundred ($100) dollars, made and delivered to him by W. W. Borden and Millie L. Borden, in whom was vested the fee and legal title thereto.”
On the fourteenth day of June, 1894, and within the time limited by his contract, plaintiff received a deed of conveyance of the premises, whereby the entire legal title thereto vested in him. Prior to June 14, 1894, the fee and legal title of the land and premises in question was in W. W. Borden and Minnie L. Borden.
On the twenty-sixth day of February, 1894, plaintiff made an application to defendant for a policy of insurance upon said dwelling-house for eight hundred dollars, and upon certain personal property therein for various sums aggregating four hundred dollars, but which need not be further mentioned, as appellant admits the va *411 lidity of the judgment to the extent of the four hundred dollars' insurance on such personal property.
In his application plaintiff “ fully and explicitly informed defendant, and set forth his interest in and title to said premises and property.”
The application was “written out by and delivered to A. H. Beach, the duly authorized agent of defendant, and is referred to and made a part of the policy.”
On the twenty-sixth day of February, 1894, in consideration of a premium of forty-four dollars and forty cents, defendant made and delivered to plaintiff, and the latter accepted, its policy, No. 11116, which is made a part of the findings, whereby defendant agreed to indemnify plaintiff against loss or damage by fire, upon receipt of the proofs of loss, etc., not exceeding the actual cash value thereof, in the sum of eight hundred dollars on said dwelling-house.
On the tenth day of April, 1894, the dwelling-house and all the personal property were wholly destroyed by fire. The actual cash value of the dwelling-house exceeded the amount of insurance thereon, viz., eight hundred dollars. Due proof of loss was made, and the court finds that plaintiff has complied with and duly performed all the conditions required of him by said policy.
The court found that plaintiff had, prior to the issue of the policy, paid to his grantors in all on account of the purchase of said premises four hundred and fifty dollars, viz., one hundred dollars in cash paid on the option to purchase, and three hundred and fifty dollars by a sale of personal property to be applied on such purchase.
Upon the pleadings and findings of the court two questions arise: 1. Had the plaintiff an insurable interest in the dwelling-house covered by the policy upon which he can recover? 2. If the first question is answered in the affirmative, what was the extent of that interest?
Section 2587 of the Civil Code is as follows:
*412 “ Seo. 2587. A policy of insurance must specify: 1. The parties between whom the contract is made; 2. The rate of premium; 8. The property or life insured; 4. The interest of the insured in property insured, if he is not the absolute owner thereof; 5. The risk insured against; and, 6. The period during which the insurance is to continue.”
The contention of appellant is, that as the policy, which is made a part of the findings, describes plaintiff as the absolute owner of the property, and contains a condition that “ if the assured shall not be the sole and unconditional owner in fee of said property .... this policy shall be null and yoid,” and that as the findings show that plaintiff only had an option to purchase the property, and was not vested with any title therein, there can be no recovery.
Were this the entire showing of the record, we should concur in the views of the appellant; but when we review' the whole record, other factors appear which affect the problem.
Plaintiff in his complaint avers (to state it in brief) that in his application for a policy he fully and explicitly informed defendant of the nature of his title, etc., and delivered said application to defendant; that it is now in the possession of defendant, who is better informed as to its contents than plaintiff, and he therefore refers to it as though fully set forth, and makes it a part of his complaint as though it appeared therein. Plaintiff also makes the policy a part of his complaint.
Turning to the policy and we find that it recites that u this indemnity contract is based upon the valuations and representations contained in the assured's application and diagram of even number herewith, which the assured has signed and permitted to be submitted to the company, and which are hereby made a warranty and a part thereof.” The court finds in consonance with the allegations of the complaint.
If, then, the application of plaintiff stated fully the nature of his title, and if that application is a part of *413 the policy, it is a sufficient compliance with section 2587 of the Oivil Code in specifying the interest of the insured in the property.
*68 There are three such assignors and each had a bankbook. The left-hand page of these books showed the date and amount of each deposit, and the right-hand page showed the amount of each check paid by the bank, the number of checks returned, and the balance remaining due and unpaid to the depositor on each occasion when the balances were struck. The last balances were entered on the twenty-second day of June? 1893, and the amounts shown thereby to be then due to the depositors were the same as those alleged in the complaint. It was proved that all the entries on the left-hand page were made by the teller of the bank when the moneys were deposited and in the presence of the depositor, and were correct, and that all the entries on the right-hand page Avere made by a clerk of the bank Avhen the books were handed in by the depositors from time to time to be balanced. It was also proved by each of the three depositors that Avhen he received back his book he verified the entries made by comparing them with his own accounts, and in every instance found them correct; and each one, therefore, testified that he knew of his own knoAvledge that. *69 the balance shown by the book was the correct amount due him. Neither of the witnesses could, however, state the amount of his deposits or of his drafts, or the balance due, without refreshing his memory by looking at his bank-book, and this, against the objection of defendants, he was permitted to do. The books were also offered, and, against the objection of defendants, admitted in evidence to prove the same facts.
*413 But suppose we are not to treat the application as a part of the jiolicy, and there are respectable authorities to the effect that it will not usually be so treated, and still the fact remains that'defendant was fully informed as to plaintiff’s title, and with full knowledge that such title did not amount to an ownership of the property (for it so affirms in its answer) deliberately described plaintiff in its policy as the owner, and a proviso that “ if the assured shall not be the sole and unconditional owner in fee of said property .... this policy shall be null and void.’'
Where, as in the present case, a policy of insurance is based upon the condition that the insured is the owner in fee simple, but containing a provision that the application of the insured is to be considered a part of the policy, such application clearly showing that the insured is not the owner in fee simple, the insurer, by thus accepting the risk, waives the condition in the policy as to the title, and cannot set up the want of such fee simple title to defeat an action on the policy. (Beach on Insurance, sec. 409; Lamb v. Council Bluffs Ins. Co., 70 Iowa, 238; Liverpool etc. Ins. Co. v. Ende, 65 Tex. 118; Crescent Ins. Co. v. Camp, 71 Tex. 503; Van Schaick v. Niagara Fire Ins. Co., 68 N. Y. 434; Germania Fire Ins. Co. v. Hick, 125 Ill. 361; 8 Am. St. Rep. 384; Smith v. Phoenix Ins. Co., 91 Cal. 323; 25 Am. St. Rep. 191.)
Either the insertion by the defendant of the statement in its policy that plaintiff was the owner of the property was a mistake on its part or a deliberate fraud upon the plaintiff.
There is no imputation of fraud, and we shall not assume any such intention on the part of the defendant. Treated as a mistake of defendant, and the latter is not in a position to take advantage of it.
Holding then, as we do, that there is nothing in the policy to prevent a recovery, provided it appears that *414 plaintiff had an insurable interest, we address ourselves to that branch of the inquiry.
It is said by law-writers on the subject of insurance that “it is difficult to define accurately in what an insurable interest consists.” (Biddle on Insurance, sec. 156.)
It is admitted on all hands that it is not necessary that the insured person have a legal interest, but that an equitable interest is sufficient. The title, whether legal or equíh ble, may be defective or even bad, provided the insui -d has possession and use; even a valid equitable title is not requisite. It is held sufficient that the insured has a direct pecuniary interest in the preservation of the property, and that he will suffer a pecuniary loss as an immediate and proximate result of its destruction, (Biddle on Insurance, sec. 155; Merrett v. Farmers’ Ins. Co., 42 Iowa, 11; Herkimer v. Rice, 27 N. Y. 173; Riggs v. Commercial Mut. Ins. Co., 125 N. Y. 7; 21 Am. St. Rep. 716.).
In common parlance, we speak of a house as being' insured, but, strictly speaking, it is not the house but the interest of the owner therein that is insured, and, whether that interest is founded upon a legal title, an equitable title, a lien, or such other lawful interest therein as will produce a direct and certain pecuniary loss to the insurer by its destruction, he has an insurable interest therein. (Tyler v. Ætna Ins. Co., 12 Wend. 507.)
^ Actual possession by consent of the owner, with the' beneficial use of the property, has been held an insurable interest; (Horsch v. Dwelling House Ins. Co., 77 Wis. 4, 6, 7.)
In the present case the plaintiff was in the full possession and enjoyment of the property under a contract upon which he had in part paid the purchase price, and which upon his volition and completion of the contract would entitle him to a conveyance of the legal title. This enjoyment and expenditure gave him an insurable interest in the property.
*415 2. What is the extent of plaintiff’s insurable interest? Insurance is a .contract whereby one, for a consideration, undertakes to compensate another if he shall suffer loss. It is a contract of indemnity.
“ This principle underlies the contract, and it can never, without violence to its essence and spirit, be made by the assured a source of profit, its sole purpose being to guarantee against loss or damage.” (May on Insurance, sec. 2.)
It is a contract with a party to secure him against apprehended loss on account of his interest in a particular subject matter, and not at all incidental to or transferable with the subject matter. (Carpenter v. Providence etc. Ins. Co., 16 Pet. (U. S.) 495.)
It does not, in the absence of special contract, run with the title or possession of the subject matter. Under such a contract reparation must be made to the insured for the loss which he has suffered through his interest in the subject matter, and to the extent of that interest, not exceeding the limit fixed by the policy.
If his interest extends to the whole of the subject matter of the property, its value, up to the sum named in the policy, is the measure of his right to recover. If his interest falls short of the whole, his right is limited, not by the value of the property, but by the value of his interest. The very meaning of the term “ indemnity ” excludes all idea of profit to the insured.
Plaintiff’s insurable interest, then, is to be measured by the advances he had made upon his contract of purc’. as ', viz., four hundred and fifty dollars. Had he entered into an ordinary contract to purchase the property, binding himself to pay the whole purchase price, Ms position would have been very different. But his contract was an option, upon which he had paid four hundred and fifty dollars, and which' he was at liberty to abandon at any time. To the extent of his payments he had an insurable interest in the property; beyond that he was not bound.
If he could insure for the full value of the property, *416 and in case of loss recover such value, he could thereupon decline to purchase under his option' and thus speculate and make a profit on the transaction in violation of a fundamental law of insurance. To permit such a recovery would greatly tend to the destruction of like property under like circumstances, and open the door and tempt men to enter therein for fraudulent purposes.
As the plaintiff by his judgment recovered eight hundred dollars on account of the loss of the house, where his interest therein was shown by the findings to be but four hundred and fifty dollars, the cause should be remanded, and the court below directed to amend the judgment by deducting therefrom the sum of three hundred and fifty dollars, and as thus amended the judgment appealed from should be affirmed.
Vancliee, 0., and Haynes, 0., concurred.
For the reasons given in the foregoing .opinion the cause is remanded, and the court below directed to amend the judgment by deducting therefrom the sum of three hundred and fifty dollars, and as thus amended the judgment appealed from is affirmed.
McFarland, J., Temple, J., Henshaw, J.