[Civ. No. 19141.   First Dist., Div. Two.   Oct. 20, 1960.]

BARBARA LEE SPRAGUE, Appellant, v. ROBERT
MORGAN et al., Respondents.

David M. Glickman for Appellant.

Sedgwick, Detert, Moran & Arnold for Respondents.

McGOLDRICK, J. pro tem.*—Barbara Lee Sprague instituted this action against attorney Victor H. Beauzay for general damages in the amount of $31,000, plus special damages in an undetermined amount, allegedly resulting from defendant's negligence and unskillful handling of plaintiff's claim before the Industrial Accident Commission, and his wilful and fraudulent concealment of said negligence, all of which caused her to lose medical treatment and awards of money for.her injuries, to which she claimed she would otherwise have been entitled. The court, sitting without a jury, found in favor of defendants and from this judgment plaintiff appeals.

It appears that on January 1, 1949, appellant suffered a back injury when she slipped and fell while pursuing her occupation of a waitress. On December 13, 1951, the Industrial Accident Commission awarded her a permanent disability rating of 31 per cent, the amount of which was subsequently paid. On or about August 4, 1953, appellant consulted respondent, stating to him that her condition had

---

*Assigned by Chairman of Judicial Council.

worsened and requested he secure an order for further medical treatment from the commission. On November 20, 1953, respondent filed a petition for such treatment, but made no request then or at any time for a change in her permanent disability rating, nor did he discuss the matter with her. The commission heard the petition for further medical benefits on May 12, 1954, and denied the same on July 27, 1954. Respondent acted as appellant's counsel throughout the period from about August 4, 1953, to about August 7, 1954. She subsequently retained another attorney who on February 25, 1955, filed a petition before the Industrial Accident Commission requesting an increase in the 31 per cent permanent disability rating. The commission denied this petition for lack of jurisdiction on March 15, 1955, and the Supreme Court affirmed the commission's act on appeal. (*Sprague* v. *Industrial Acc. Com.*, 46 Cal.2d 414 [296 P.2d 548].)

The complaint in the instant case was filed on August 3, 1956. At the trial, respondent testified that when appellant had first consulted him, he was aware of the five-year limitation in connection with the petition for permanent disability rating; that because of her statements to him, he had believed that since the original disability rating her condition had grown worse. His explanation for not filing a petition for a change in the rating was that it was his opinion based on the state of the law as it then appeared, that it would be futile to do so until the issue of appellant's eligibility for further medical treatment had been resolved. He postponed the making of such application in the belief that a decision on the request for further medical benefits was prerequisite thereto; that it was his opinion that the filing of the latter petition would protect his client's position with regard to the former, despite the five-year limitation.

The trial court found that respondent had exercised reasonable skill and diligence in advising appellant and taking the action which he did before the Industrial Accident Commission; that had a petition for increased disability rating been filed, such a petition would have been denied for the reason that a permanent disability rating based on the then factors of disability would have been less than 31 per cent; that the instant action was barred by the statute of limitations (Code Civ. Proc., § 339, subd. 1), said statute not having been tolled by any fraud or concealment on the part of the respondent. It is appellant's contention that the trial court erred in reaching each of these conclusions.

Section 5804 of the Labor Code provides that no award of compensation shall be rescinded, altered or amended after five years from the date of the injury. Section 5410 of the same code provides that within said five-year period, an injured employee may institute proceedings for the collection of compensation upon the ground that the original injury has caused new and further disability. The five-year period in appellant's case expired on January 1, 1954. This would fall within the time she was retaining respondent to represent her.

Appellant's first argument is directed to the finding of the court that respondent had exercised reasonable skill in advising appellant and in taking the action which he did before the Industrial Accident Commission. She urges that since respondent was admittedly aware that the five-year period of limitations was applicable to her claim for an increased permanent disability rating, that he neither filed a petition therefor nor advised her of the existence of said limitation despite the fact that the period had expired during the time in which he represented her. This she contends is a ''classic case of negligence.'' Respondent's reasons for failing to file such a petition prior to the expiration of the time provided for appears to be based upon his mistaken view of the law. It was his opinion that if additional medical treatment had been allowed and the contemplated surgery had been effective in relieving appellant's worsened condition, any interim change in her rating would have had to be changed again.

In *Douglas Aircraft Co., Inc.* v. *Industrial Acc. Com.,* (31 Cal.2d 853 [193 P.2d 468]) decided in 1948, just five years prior to the time when respondent reached his what now appears to be erroneous conclusion, the court held that the Industrial Accident Commission did not exceed its jurisdiction in making an award for permanent disability more than 245 weeks from the date of injury where, before the expiration of such period, the employee filed his application for adjustment of claim with a request for permanent disability rating, where the commission in its original award erroneously assumed that the prescribed period had not elapsed and failed to find on the issue of permanent disability and where the award for permanent disability, made after the employee filed a request for further hearing, was the first decision of the commission on that issue. The court upheld the latter determination as against the argument that the commission had acted without jurisdiction even though said determination

was reached at a time subsequent to the expiration of the period prescribed by sections 5804 and 5410 of the Labor Code.

It is elementary that an attorney may be held liable to his client for damages resulting from his failure to exercise ordinary judgment, care, skill and diligence in the performance of the task he undertakes. However, the degree of the care and skill thus required is only that which a lawyer of ordinary skill and capacity commonly shows and exercises. (6 Cal.Jur.2d, § 146, p. 325.) "It has frequently been held that a lawyer is not liable for lack of knowledge as to the true state of the law where a doubtful or debatable point is involved." (45 A.L.R.2d, p. 15.)

Appellant has furnished us with no authorities that had been decided at the time in question which would necessarily have disabused respondent of his legal analysis. Moreover, that this point is debatable or in doubt at the time clearly appears from Mr. Justice Carter's dissent to the very opinion which held respondent's conclusion to be erroneous. (*Sprague* v. *Industrial Acc. Com., supra.*) This dissent, in which Justice Shenk concurs, evidences doubt on the point involved. According to the minority "When in November, 1953, Mrs. Sprague petitioned for further medical treatment, she raised the issue of the fact of her increased permanent disability. . . . At the time of her petition, it was felt by her and her orthopedic surgeon that a certain type of surgery might relieve her condition and cure her disability. Any determination by the commission as to the issue of further disability could not be made until after it had been determined whether surgery would cure her disability. Once the commission determined that surgery was not the answer, then the issue of new and further disability remained for determination." (P. 420.)

The majority opinion has now removed the issue of whether or not a petition for further medical benefits reopens the question of permanent disability from the categorical points which may be described as "doubtful and debatable" but does *not* in our view affect the question of respondent's negligence prior to its rendition. The fact that greater prudence might have caused him to initiate what he believed to be a futile petition cannot, in lieu of a showing that he should have known it to be otherwise, now cause him to be subjected to a judgment of malpractice.

Appellant further attacks the court's finding that if a petition had in fact been filed requesting a change in permanent disability rating, it would have been denied since the

factors of disability would have been less than 31 per cent. This finding is based upon the testimony of an Industrial Accident Commission rating specialist, Mr. Robert O'Hara, an expert witness called by the appellant at the trial. On direct examination, he testified that if appellant had been rerated again on the basis of the September 9, 1953, medical report assuming the continued need for a chair back brace, her rating would have been at least 35 per cent. On cross-examination, however, when his attention had been called to the fact that he had been mistaken in assuming that the doctor's previous recommendation of a chair back brace was included in the 1953 report and that the report actually contained a statement that "no brace is worn" he recanted from his former position and stated that on the basis of the 1953 report, he would have rated appellant's disability at 20 per cent.

The court's finding in this regard is supported by evidence.

Appellant, however, urges that the court committed error when it refused her the right to cross-examine witness O'Hara on the ground of surprise.　　In this connection, the law is clear that impeachment of a party's own witness is a matter which is largely within the discretion of the trial court and whether or not a party has, in fact, been surprised by the conduct of his witness is itself a fact to be ascertained by the trial court based on the demeanor of the surprised person. (*Sandoval* v. *Southern Calif. Enterprises, Inc.*, 98 Cal.App.2d 240 [219 P.2d 928].)　　Reviewing the facts as they appear in the record, it cannot be said as a matter of law that appellant's counsel was surprised or that the trial court abused its discretion in this regard.

In view of the conclusions expressed above, it is unnecessary to determine whether plaintiff's claim was barred by the statute of limitations.

Judgment appealed from is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.