[Civ. No. 31344. First Dist., Div. Two. Oct. 23, 1974.]

GORDON BANERIAN et al., Plaintiffs and Appellants, v. WILLIAM O'MALLEY, Defendant and Respondent.

## Counsel

George K. Littlefield for Plaintiffs and Appellants.

Jones & Wilson and Roy E. Harper for Defendant and Respondent.

## Opinion

**ROUSE, J.**— █ █ Plaintiffs, Gordon and Margaret Banerian, appeal from a judgment of dismissal entered after the trial court sustained, without leave to amend, defendant William O'Malley's demurrer to the third count of plaintiffs' complaint.[1]

The third count of the complaint incorporates various factual allegations from the other five counts of the complaint. In order to understand the theory upon which the third count is based, it is essential that we summarize the entire complaint.

Taking in chronological order the facts which are alleged by plaintiffs to have occurred, it appears that on or about May 1, 1961, plaintiffs Banerian purchased certain real property located in Danville, California. The sellers of the property, Robert and Margaret Snyder, allegedly knew that there had been extensive grading and filling performed on the property, but failed to disclose this fact to the Banerians.

Immediately upon purchasing the property, the Banerians entered into a written contract with a general contractor, Carl Hansen, for the construction of a home on the property.

On November 16, 1961, the Banerians procured a policy of personal liability and property damage insurance from Northern Insurance Company of New York, through its agent, Robert Dilling. The termination date of said policy was November 16, 1964.

On October 8, 1962, the Banerians requested that Woodard-Clyde-Sherard and Associates, a firm engaged in the land survey and engineering business, examine the Danville property and determine whether any problem existed with regard to a movement of the land. Woodard-Clyde-

---

[1]Although a judgment dismissing only one count of a complaint containing several counts is generally nonappealable, this rule does not apply where the count dismissed was the only count purporting to state a cause of action against one particular defendant. (6 Witkin, Cal. Procedure (2d ed. 1971) § 48, pp. 4063-4064; *Wilson* v. *Sharp* (1954) 42 Cal.2d 675, 677 [268 P.2d 1062].)

Sherard and Associates surveyed the property and stated in a written report to the Banerians that the movement of the soil was due to settlement and that there was no visible evidence of a slide. Plaintiffs alleged that these representations were false, but that they believed them to be true and in reliance thereon construed a new patio area on their property.

On September 1, 1963, the Banerians offered the Danville property for sale with E. J. Carey, an individual engaged in the real estate business under the name of E. J. Carey and Company. Wilson E. Close, an agent of that firm, handled the sale of the Banerians' property to Howard and Donna Preece. In the course of making the sale, Close allegedly told the Preeces that certain visible hairline cracks in the pool concrete and in the patio were caused by normal settling and that everything was satisfactory. Plaintiffs alleged that when Close made these statements, he had no basis for believing them to be true and that he should have known that they were false and that the cracks were caused by faulty workmanship on the part of the patio contractor.

In January 1965, after the Preeces had purchased the real property from the Banerians, an extensive land movement took place on the premises and the improvements constructed thereon were seriously damaged and endangered.

On February 25, 1966, the Preeces brought suit against the Banerians, E. J. Carey, E. J. Carey and Company and Wilson Close. The Preeces' complaint contained five counts, the first two alleging an intentional tort, the third and fifth alleging negligence and the fourth breach of implied warranty.

Immediately upon being served with the summons and complaint in the action brought by the Preeces, Gordon Banerian notified Northern Insurance Company of New York, through its agent, Robert Dilling, and was told that the policy issued to the Banerians did not provide coverage for the lawsuit.

On October 6, 1966, the Banerians employed William O'Malley, an attorney, to represent them in the action brought against them by the Preeces. The action proceeded to trial, and the jury awarded the Preeces compensatory damages in the amount of $12,500 against the Banerians and also purported to make an award of punitive damages only as against Wilson Close. The jury found in favor of E. J. Carey and E. J. Carey and Company. Since the jury had made no award of compensatory damages against Close, the award of punitive damages could not be upheld, and judgment was entered in favor of Close, as well as in favor of E. J. Carey and E. J.

Carey and Company. Judgment on the verdict was entered in favor of the Preeces against the Banerians.

The Banerians then commenced the instant action, seeking to be indemnified against the loss sustained in the action brought by the Preeces.

The third count of their complaint, the sufficiency of which is the sole issue on this appeal, ran against William O'Malley, the attorney who represented the Banerians in the action brought by the Preeces. It was alleged that O'Malley knew or in the exercise of due care should have known the terms of the insurance policy which Northern Insurance Company of New York had issued to the Banerians and that O'Malley failed to protect the Banerians' interests by notifying the insurer of the suit brought by the Preeces and requesting that the insurer provide a defense to said action. It was further alleged that O'Malley should have known that one George Jovick, who was the original developer of the property which the Banerians sold to the Preeces, was strictly liable in tort for a defect in the land developed by him. It was likewise alleged that O'Malley should have known that any negligence on the part of the general contractor Carl Hansen would be imputed to the Banerians, as would the misrepresentations made by the real estate agents who sold the property to the Preeces. O'Malley was alleged to have been negligent in failing to cross-complain, in the Preece action, against George Jovick, Carl Hansen, E. J. Carey, Wilson Close, Woodard-Clyde-Sherard and Associates and Robert and Margaret Snyder. It was also alleged that O'Malley's negligent failure to request that Northern Insurance Company of New York provide a defense against the Preece action made it necessary for the Banerians to pay their own attorney's fees in defending against said action and also caused the Banerians to satisfy the judgment in favor of the Preeces.

Plaintiffs contend that a cause of action was stated against defendant O'Malley in the amended third cause of action and therefore that the trial court erred in sustaining the demurrer to the amended complaint without leave to amend. They argue that the general demurrer was implicitly overruled when the trial court sustained defendant's special demurrer to the original complaint on grounds of uncertainty. However, the court subsequently sustained defendant's demurrers to plaintiffs' second amended complaint, both generally and specially. It held that the complaint failed to state facts sufficient to constitute a cause of action and that particular allegations of the complaint were too uncertain for the defendant or the court to make a determination as to what was alleged. In its memorandum of decision (pertaining to the second amended complaint), the court specifically sustained defendant's general demurrer and stated that the special

demurrer had become moot. Defendant demurred, both generally and specially, to plaintiffs' final amended complaint and the court sustained the demurrer with the statement that the former rulings were correct.

Section 472d of the Code of Civil Procedure requires the court to specify the grounds upon which it sustains a demurrer. Although the trial court's final memorandum of decision, in which it sustained defendant's last demurrer and explained the reasons for doing so, is not as explicit as it might have been, the entire record clearly discloses that defendant's general demurrer was sustained and the reasons for doing so. Section 472d has been interpreted to require the affirmance of trial court rulings on demurrers if any of the grounds raised by defendant require the sustaining of the demurrer, whether or not the court specifies all the grounds. (*Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 224 [36 Cal.Rptr. 537].) Thus, the plaintiffs' contention that the "general demurrer, by operation of law, is overruled if the demurrer for uncertainty is *sustained without leave to amend*," is inapplicable to the procedural facts of this case. Also, plaintiffs did not raise this point below, and an appellate court should not ordinarily consider procedural defects or erroneous rulings where an objection could have been but was not presented to the lower court. (6 Witkin, Cal. Procedure (2d ed. 1971) § 276, p. 4264; *Nanny* v. *Ruby Lighting Corp.* (1952) 108 Cal.App.2d 856, 859 [239 P.2d 885].) Thus, this court will consider the further contentions of plaintiffs, on appeal, on the basis that the trial court sustained defendant's general demurrer, thus making any further reference to the special demurrer moot.

■ Plaintiffs contend that the trial court erred in sustaining the demurrer because the court must look to the pleadings, viewing the allegations in a light most favorable to plaintiffs. " 'In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties.' " (*Wise* v. *Southern Pacific Co.* (1963) 223 Cal.App.2d 50, 59 [35 Cal.Rptr. 652].) However, on appeal, all intendments weigh in favor of the regularity of the trial court proceedings and the correctness of the judgment. (*Walling* v. *Kimball* (1941) 17 Cal. 2d 364, 373 [110 P.2d 58].) Unless clear error or abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendant's demurrer will be affirmed on appeal. (See *Wheelwright* v. *County of Marin* (1970) 2 Cal.3d 448, 454 [85 Cal.Rptr. 809, 467 P.2d 537].)

"A general demurrer 'searches the complaint' or the particular count to which it is directed, for any and every failure to state a material fact. In other words, the absence of any allegation essential to the cause of action

makes the complaint vulnerable to a general demurrer. The ruling on a general demurrer is thus a method of deciding the cause on the merits on assumed facts (those alleged) without a trial." (3 Witkin, Cal. Procedure (2d ed. 1971) § 802, p. 2415.)

■ The function of a demurrer is to test the sufficiency of a complaint as a matter of law, and it only raises questions of law. (3 Witkin, Cal. Procedure (2d ed. 1971) § 796, p. 2409.) Thus, the question to be determined is whether the trial court erred when it decided, by sustaining the general demurrer, that plaintiffs failed to state a cause of action as a matter of law.

In their final amendment to the third cause of action, plaintiffs alleged that:

(1) defendant O'Malley owed them a duty of due care because of the attorney-client relationship;

(2) defendant breached such duty by failing to notify plaintiffs' liability insurer and failing to cross-complain against codefendants and other non-parties (in the Preece action);

(3) as a result, plaintiffs' liability insurer neither defended the Banerians in the Preece action nor indemnified them for the judgment obtained against them and defenses have arisen by certain defendants in the instant action because of defendant O'Malley's failure to cross-complain in the Preece action; and

(4) plaintiffs were damaged by having to defend the prior action, pay the judgment against them, and being precluded from seeking indemnification against Wilson E. Close, E. J. Carey, and E. J. Carey and Company, by operation of the rule of collateral estoppel.

■ Actionable legal malpractice is compounded of the same basic elements as other kinds of actionable negligence; namely, duty, breach of duty, proximate cause, and damage. (*Chavez* v. *Carter* (1967) 256 Cal. App.2d 577, 579 [64 Cal.Rptr. 350]; *Ishmael* v. *Millington* (1966) 241 Cal.App.2d 520, 523 [50 Cal.Rptr. 592].)

In the recent case of *Ventura County Humane Society* v. *Holloway* (1974) 40 Cal.App.3d 897 [115 Cal.Rptr. 464], this court examined, in considerable detail, principles of law applicable to the very question raised by the plaintiffs herein, namely: whether or not plaintiffs' complaint, as amended, states a cause of action for professional negligence against the defendant. Since they are relevant to this discussion we quote pertinent portions from our decision in that case: "The elements of a cause of action

for professional negligence are, of course, well defined. These ingredients are: (1) the *duty* of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) *breach of* that *duty*; (3) a *proximate causal connection* between the negligent conduct and the resulting injury; and (4) actual loss or *damage* resulting from the professional negligence (*Budd* v. *Nixen* (1971) 6 Cal. 3d 195, 200 . . .; *Chavez* v. *Carter* (1967) 256 Cal.App.2d 577, 579 . . .; *Ishmael* v. *Millington* (1966) 241 Cal.App.2d 520, 523 . . .; *Modica* v. *Crist* (1954) 129 Cal.App.2d 144, 146 . . .). When these elements coexist, they constitute actionable negligence. On the other hand, absence of, or failure to prove, any of them is fatal to recovery. This applies especially to the all important element of duty." (P. 902.)

■ However, the issue as to the existence of a legal duty is generally a question of law for the court to determine. (See *Raymond* v. *Paradise Unified School Dist.* (1963) 218 Cal.App.2d 1, 8 [31 Cal.Rptr. 847]; *Starr* v. *Mooslin* (1971) 14 Cal.App.3d 988, 998 [92 Cal.Rptr. 583]; *Ishmael* v. *Millington, supra.*)

In ruling on general demurrers the dispositive issue ordinarily is that of duty, i.e., the existence of duty of care owed by the alleged wrongdoer to the person injured or to a class of which he is a member. If the plaintiff does not and cannot show a duty owed directly to him, the action is subject to dismissal. (*Amaya* v. *Home Ice, Fuel & Supply Co.* (1963) 59 Cal.2d 295, 307 [29 Cal.Rptr. 33, 379 P.2d 513]; *Ventura County Humane Society* v. *Holloway, supra,* p. 902; 35 Cal.Jur.2d, § 9, p. 494.)

■ It is an elementary proposition that an attorney, by accepting employment to give legal advice or to render legal services, impliedly agrees to use ordinary judgment, care, skill and diligence in the performance of the tasks he undertakes. (*Moser* v. *Western Harness Racing Assn.* (1948) 89 Cal.App.2d 1, 7 [200 P.2d 7]; *Ventura County Humane Society* v. *Holloway, supra,* p. 903.)

■ Except as between plaintiffs and defendants, there is no compulsory cross-complaint in California procedure (see Code Civ. Proc., § 426.30). Rather, a cross-complaint is permissive as between coparties and between parties and nonparties. Therefore, as a matter of case or statutory law, attorney O'Malley had no duty to cross-complain in the Preece lawsuit. Plaintiffs and defendant had a contract which obligated defendant O'Malley to conduct himself with due care and exercise reasonable diligence in acting as plaintiffs' legal counsel. With the record of the prior case and all the facts before it, the trial court impliedly ruled that there was no duty,

as a matter of law, to cross-complain in the prior action. Logically, a defendant cannot be negligent in failing to do what he had no duty to undertake. Unless the trial court's findings in this regard constitute an abuse of discretion, they will not be disturbed on appeal. (*Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018].)

"In view of the complexity of the law and the circumstances which call for difficult choices among possible courses of action, the attorney cannot be held legally responsible for an honest and reasonable mistake of law or an unfortunate selection of remedy *or other procedural step.*" (Italics added.) (1 Witkin, Cal. Procedure (2d ed. 1970) § 150, p. 161; see, generally, *Lally* v. *Kuster* (1918) 177 Cal. 783 [171 P. 961]; *Sprague* v. *Morgan* (1960) 185 Cal.App.2d 519, 523 [8 Cal.Rptr. 347]; *Lucas* v. *Hamm* (1961) 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685]; *Floro* v. *Lawton* (1960) 187 Cal.App.2d 657 [10 Cal.Rptr. 98].)

The plaintiffs further contend, however, that negligence may be pleaded generally in attorney malpractice cases and that they meet the requirements of such general pleading. (See *Modica* v. *Crist* (1954) 129 Cal.App.2d 144 [276 P.2d 614].) In *Modica,* the court held that a complaint for the defendant attorney's actionable negligence in performance of legal services is not subject to general demurrer where it adequately pleads all essential facts that constitute a cause of action (*id.,* pp. 145-146). However, in the instant case, the issue is not whether the factual allegations are well pleaded or complete but whether or not a cause of action is alleged, accepting all the facts which are alleged; in essence, the issue is whether or not there was a duty as a matter of law. Negligence is generally a question of fact. If the plaintiffs had established, as a matter of law, that defendant had a duty to cross-complain under the circumstances herein involved, then no general demurrer could have been validly sustained since the complaint would have presented a factual issue (i.e., defendant's negligence) to be determined by the trier of fact. This case cannot be so construed. The plaintiffs have failed to make any allegations which demonstrate a legal duty on behalf of the defendant. This court cannot now establish nor has any other court of this state previously established a duty, as a matter of law, on the part of attorneys to cross-complain against coparties or nonparties under California's permissible cross-complaint procedure. Thus we conclude that it was not actionable negligence for defendant to fail to cross-complain in the Preece v. Banerian action and it was not error for the trial court to sustain the general demurrer on that ground.

█ Plaintiffs also contend that it was error for the trial court to sustain the general demurrer on the ground that plaintiffs failed to state a cause of

action for defendant's alleged neglect to notify plaintiffs' insurance carrier of the pending lawsuit against them (i.e., the Preece action). The plaintiffs contend that they have incurred damages proximately caused by defendant's failure to notify Northern Insurance Company because that insurer subsequently refused to defend the Banerians in the Preece action or indemnify them for the judgment against them.

Because of the nature of the allegations of the Preece complaint and the date of the injury involved, there is a basic issue as to whether the policy coverage encompassed the claims raised in that prior action. Plaintiffs cite *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168], in support of their contention that had defendant properly notified the insurance carrier, it would have been under a duty to defend the Preece action regardless of any subsequent obligation to indemnify the Banerians for any judgment against them. In the *Gray* case, *supra,* at page 269, the court held that doubts as to the scope of coverage created by form insurance contracts between insurer and insured must be resolved against the insurer. The question then arises, in the instant case, as to whether there was any doubt as to the extent of coverage.

According to the terms of the policy, the insurer was obligated to pay all sums which the insured should have to pay because of damages due to injury or destruction of the insured real property.[2] The insurer was also obligated to defend any suits against the insured (Banerians) based on such injury or destruction, even if such a suit were groundless, false or fraudulent. The loss or injury involved in the Preece v. Banerian action occurred two months after the policy terminated by its terms and more than one year after the plaintiffs had sold the property. In *Gray* v. *Zurich Insurance Co., supra,* there was no question as to whether the policy was in force at the time of the loss, but rather the issue was focused on the extent of the policy coverage. Thus, the holding in the *Gray* case is not apposite to the facts or determination of the instant case.

Section 280 of the Insurance Code voids any insurance contract when the insured has no insurable interest. Section 286 of the Insurance Code requires the insured to have an insurable interest at the time of contracting and at the time of loss. Courts have long found an insurable interest to exist in either or both parties to conditional land sale contracts. (See, e.g.,

---

[2]The terms of the policy are quoted in plaintiffs' final amended complaint. According to the court's final memorandum of decision, it did not have a copy of the policy on file. A copy of the policy was not included in the record on appeal and the trial court, when contacted by this court, stated it still had none on file; consequently, plaintiffs' amended complaint is the source for policy terms discussed herein.

*White* v. *Gilman* (1903) 138 Cal. 375, 377 [71 P. 436]; *Davis* v. *Phoenix Ins. Co.* (1896) 111 Cal. 409, 414 [43 P. 1115].) However, such is not the case here. The contract was fully executed and the Banerians no longer had any interest, vested or contingent, in the property by way of estate, title, contract or any other relational interest. (See Ins. Code, §§ 280, 282-284.) That being the case, it is not reasonable to expect attorney O'Malley to have notified Northern Insurance Company of the pending lawsuit, and there was no legal duty to do so. The policy had lapsed by its terms and the Banerians had previously conveyed any insurable interest which they once had. The incident (alleged misrepresentations) giving rise to the Banerians' liability in the Preece action occurred at the time of the sale of the property. However, this is not sufficient to satisfy the statutory requirement of an insurable interest at the time of loss or injury. (See Ins. Code, § 286.) The loss occurred at the time the property was damaged, not at the time of the alleged misrepresentations. Viewing the statutory law, the terms of the policy, and the facts in a light most favorable to the Banerians, there remains a question as to whether or not they had current insurance coverage for the claims in the Preece action. However, we do not reach the issue here as to whether or not insurance coverage actually did or did not exist,[3] but merely conclude that defendant O'Malley, in the reasonable exercise of his judgment, did not commit actionable negligence by failing to notify the plaintiffs' insurance carrier of the pending litigation.

Even if it is determined that coverage did exist under the policy or that the policy was still in force at the time of the loss, such determination would not be dispositive of the issues herein involved. First, as the trial court stated in its final memorandum of decision, " 'negligent failure to disclose,' commonly called fraud, is not within the terms of a casualty policy to indemnify the insured against damages arising out of 'injury to or destruction of property, including loss of use.' " Thus we believe that the defendant could not be expected to undertake a duty to notify the insurer of an action which reasonably appeared not to come within the terms of any casualty insurance policy. Second, the plaintiffs, in their first cause of action, allege that they notified the insurer of the action; while, in their third cause of action, they claim defendant was negligent in failing to do so. The first cause of action remained unamended in the original verified complaint and thus cannot be contradicted. (*Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 328 [253 P.2d 659]; *Beatty* v. *Pacific States S. & L. Co.* (1935) 4 Cal.App.2d 692, 696 [41 P.2d 378].) Plaintiffs cannot con-

---

[3]The issue as to whether the insurer was obligated to defend or indemnify the Banerians is a matter for the trial court to determine when it deals with plaintiffs' first cause of action against Northern Insurance Company.

sistently allege that defendant was actionably negligent in failing to notify the insurer when they claim they did so at a point prior in time.

Accordingly, we conclude that it was not error for the trial court to rule, as a matter of law, that defendant had no duty to notify plaintiffs' insurance carrier of the Preece action and that there was no negligence in defendant's failure to do so.

■ The final issue to be resolved herein is whether the trial court erred by sustaining defendant's demurrer without leave to amend.

"A *general demurrer* may be sustained without leave to amend where it is probable from the nature of the defects and previous unsuccessful attempts to plead that the plaintiff cannot state a cause of action." (3 Witkin, Cal. Procedure (2d ed. 1971) § 848, p. 2451; see *Loeffler* v. *Wright* (1910) 13 Cal.App. 224, 232 [109 P. 269].) The judicial task is aptly described in *Hills Trans. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal. App.2d 702, 709 [72 Cal.Rptr. 441]: "How does a court, confronted with a defective pleading of nondescript appearance and uncertain ancestry, determine whether the pleading is susceptible of future domestication into the recognizable flock of justiciable causes of action? In final analysis, the court is required to look at the existing pleading and hazard its best judgment whether behind the words of the pleading anything of legal substance lies, whether on further revision the pleading can honestly state a cause of action." We believe that the trial court in this case allowed plaintiffs sufficient opportunity to "domesticate" their complaint, hence it cannot now be faulted because it finally dismissed the action due to the repeated failure by plaintiffs to set forth facts giving rising to a cause of action.

We find that the trial court properly sustained, without leave to amend, defendant's demurrer to plaintiffs' third amendment to the third cause of action.

The judgment of dismissal is affirmed.

Taylor, P. J., and Kane, J., concurred.