Filed 4/9/14  Rowley v. Rebecca Tenwick's All-Mobile Bail Bonds CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DENNIS ROWLEY, | |
| Plaintiff and Appellant, | E054252 |
| v. | (Super.Ct.No. RIC523721) |
| REBECCA TENWICK'S ALL-MOBILE BAIL BONDS et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Paulette Durand-Barkley,

Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Dennis Rowley, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Dean H. McVay and Manuel U. Sarmiento for

Defendant and Respondent, Allstate Insurance Company.

Rebecca Tenwick, in pro. per., doing business as Rebecca Tenwick's All-Mobile

Bail Bonds, for Defendant and Respondent.

1

Haight Brown & Bonesteel, Valerie A. Moore, Christopher Kendrick and Eugenie Gifford Baumann for Defendant and Respondent Carl F. Schmidt.

I

INTRODUCTION

Plaintiff Dennis Rowley (Rowley) was arrested and in jail on various occasions between 2005 and 2009. During that time, he suffered the loss of personal and real property, including his residence and numerous vehicles. Consequently, he sued many defendants, including his homeowner's insurer company, Allstate Insurance Company (Allstate), and an individual, Carl F. Schmidt (Schmidt), whom he alleged had taken possession of his baseball card and stamp collections worth $250,000. He also sued defendant Rebecca Tenwick's All-Mobile Bail Bonds (alternately All-Mobile or Tenwick).[1]

Rowley appeals from judgment entered after the court sustained defendants' demurrers to Rowley's third amended consolidated complaint (TACC) without leave to amend. Respondents on appeal are defendants Allstate and Schmidt. Defendant Tenwick has joined in Allstate's respondent's brief. As to all three defendants, plaintiff contends

---

[1] The trial court made a finding that All-Mobile is a "dba" for Rebecca Tenwick who is representing herself in propria persona.

the trial court abused its discretion in not granting him leave to file a fourth amended consolidated complaint (FACC).[2]

We have thoroughly reviewed all of Rowley's submissions to this court. We find the trial court did not abuse its discretion and we affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

Unfortunately, Rowley has not provided a "summary of significant facts" with citations to the record, as required by California Rules of Court, rule 2.04(a)(2)(c). Instead, Rowley has submitted only two paragraphs, referencing only two pages of the clerk's transcript, the face page and page 5 of the TACC. As the appellant, Rowley bears the duty of spelling out in his brief exactly how the court erred. (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.) Otherwise, an appellant waives his right to have his appeal heard on the merits. (E.g., *Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 50; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.) In spite of Rowley's omissions, we have undertaken to summarize the facts and procedural history.

---

[2] We deny Allstate's motion to strike the proposed FACC. We recognize the trial court did not read and consider the proposed FACC or base its ruling on that pleading. However, with that qualification, we will consider the proposed FACC as an offer of proof by Rowley as to how he could have amended his complaint. As we discuss in our opinion, even if Rowley could have attached a copy of the Allstate insurance policy to his complaint, he could not state a cause of action against Allstate.

*A. Initial Proceedings*

In April 2009, Rowley filed a complaint for breach of contract and multiple tort claims (case No. RIC 524936) against Schmidt and his insurer, Century National Insurance Company (Century.) Rowley alleged that Schmidt had misrepresented he would safeguard plaintiff's property that provided exculpatory evidence against "false criminal charges" and was worth $250,000 (the baseball card and postage stamp collection). Instead, Schmidt had disposed of the property and Century had acted in bad faith, causing Rowley's two-year incarceration.

In June 2009, Rowley filed an amended complaint against his lawyer, David M. Philips, (case No. RIC 527411) contending that Philips did not pay a pawn shop $6,000 on his behalf, causing Rowley to lose possession of a 1955 Ford worth $50,000.

In July 2009, Rowley filed an amended complaint against Schmidt, adding allegations that Schmidt had made false reports about Rowley to the state parole board. Schmidt demurred to the amended complaint for uncertainty.

In May 2010, Allstate filed a demurrer to Rowley's complaint for fraud or breach of contract in Case No. RIC 1000769 for denial of coverage under Rowley's homeowner's insurance policy. The court sustained the demurrer with leave to amend.

In August 2010, Rowley filed a motion to consolidate his various claims. Allstate opposed the motion as uncertain. The motion was granted on October 20, 2010, consolidating Rowley's 14 separate cases as case No. RIC 523721, the subject of this appeal.

Rowley filed a 21-page amended consolidated complaint (RIC 523721) on September 15, 2010. He alleges that defendants conspired to rob him of millions of dollars of personal property and assets. Rowley asserts he was falsely arrested in 2005 and represented by Philips, who did not provide competent legal representation and recommended Rowley use All-Mobile for bail. Beginning in June 2007, defendant was in jail for about two years.

B. *The Second Amended Consolidated Complaint*

On October 15, 2010, Rowley filed a 53-page second amended consolidated complaint (SACC). He added numerous code sections and expanded on his previous allegations. He outlined dozens of wrongful acts occurring from January 2004 until April 2007, when he was arrested at his home by bail agents. Rowley described himself as "an elderly, disabled, 64-year-old former successful real estate investor and former licensed private investigator . . . and licensed insurance claims adjuster . . . with a 38-year successful career in fraud investigations . . . ." He owned a Corona house worth $720,000 and other real and personal property, comprising a net worth of $5 million. He named 18 defendants, including Schmidt, Century, and Tenwick but not Allstate. He asserted claims against Schmidt, Century, and Tenwick for conversion, conspiracy for violation of civil rights, identity theft, breach of contract (against Schmidt and Tenwick), "deprivation of liberty," and defamation and intentional infliction of emotional distress.

Allstate filed a motion for reconsideration of the order consolidating Rowley's cases, noting that it was not a named defendant in the SACC. The court denied the

5

motion. Rowley filed a motion to amend his complaint to add Allstate as a defendant, which Allstate opposed.

On November 22, 2010, Schmidt, Century, Tenwick, and other defendants filed demurrers to the SACC. Allstate filed a motion for entry of judgment or dismissal on the grounds Allstate was not named as a defendant in the SACC. Rowley filed oppositions to defendants' demurrers but these documents are not part of the record on appeal.

On February 17 and 18, 2011, the court issued several rulings. At Rowley's request, the court dismissed Century with prejudice. The court sustained other defendants' demurrers with leave to amend and to file the TACC. The court denied Allstate's motion to dismiss and granted Rowley's motion to amend to add Allstate as a defendant. The court warned, "it will not entertain any further amended complaints as to this Defendant."

*C. The Third Amended Consolidated Complaint*

Rowley filed the TACC on March 9, 2011. Rowley alleges defendants engaged in a conspiracy to convert his property by subjecting him to false arrest and incarceration for two years on drug charges and for gun possession. The particular allegations against Tenwick, Schmidt, and Allstate are that Tenwick operates the bail bond business, All-Mobile Bail Bonds, that Schmidt is a retired insurance adjuster, and that Allstate was defendant's insurer for his homeowner's policy. Rowley was falsely arrested several times in the two years between 2005 and 2007. Finally, Rowley "ran out of bail money" and Tenwick/All Mobile exhausted his assets and arrested him in April 2007. He was

6

also arrested in June 2007. Rowley reported his losses to Allstate in May 2007. He was in jail from June 2007 for two years.

In the first cause of action, Rowley alleged Tenwick/All-Mobile converted Rowley's property worth $5 million. Rowley alleged Schmidt converted his $250,000 postage stamp and baseball card collection. In the second cause of action, Rowley accused Tenwick/All-Mobile of conspiracy with other defendants to deprive him of his civil rights and sought damages of $2 million. The third cause of action was for breach of contract against Allstate for bad faith denial of his claim for $5 million. The fourth cause of action was for intentional infliction of emotional distress against all defendants and damages of $10 million. Rowley attached 16 pages of inadmissible documents as exhibits.

Allstate, Schmidt, and Tenwick all demurred. On May 17, 2011, Rowley filed a motion seeking leave to amend and file a FACC. The record does not show that a copy of the proposed FACC was attached.

On May 20, 2011, the trial court sustained the demurrers without leave to amend. Judgment was entered and the case dismissed as to these three defendants. The proposed FACC was not filed until June 30, 2011.

III

DISCUSSION

Rowley makes two arguments on appeal: first, that the trial court abused its discretion because Rowley could have cured the defects in his complaint by amendment, and, second, that the trial court did not specify the grounds for its rulings.

As an appellate court, we conduct an independent review to determine if a demurrer was properly sustained without leave to amend. (*Das v. Bank of America, N.A.* (2010) 186 Cal.App.4th 727, 734; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038.) A judgment of dismissal entered after the trial court has sustained a demurrer without leave to amend will be affirmed on appeal if any of the grounds stated in the demurrer is well taken. (*E. L. White, Inc. v. City of Huntington Beach* (1978) 21 Cal.3d 497, 504.) Appellate review favors the regularity of the trial court proceedings and the correctness of the judgment. Unless clear error or abuse of discretion is demonstrated, we will affirm. (*Krawitz v. Rusch* (1989) 209 Cal.App.3d 957, 962-963; *Banerian v. O'Malley* (1974) 42 Cal.App.3d 604, 610.) Furthermore, the plaintiff's burden is to demonstrate that the trial court abused its discretion. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

*A. Allstate's Demurrer*

Rowley appears to concede the trial court properly sustained the demurrer as to Allstate but contends he should have been allowed leave to amend. Rowley recognizes he failed to make essential allegations required for breach of contract, by not

8

incorporating the written contract by reference or by alleging its legal effect. (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 458-459; *Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307; *Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 198-199.) Rowley did neither in the TACC.

Rowley concedes he also failed to allege the elements of a claim for insurance bad faith: ". . . a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act that unfairly frustrates the agreed common purposes and disappoints the other party's reasonable expectations thereby depriving that party of the benefits of the agreement." (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1395.) Rowley admits the TACC pleaded conclusions but did not plead facts to support these conclusions. Rowley did not allege what benefits were due under Allstate's policy and what made withholding of those benefits unreasonable. (*Love v. Fire Ins. Exchange* (1990) 221 Cal.App.3d 1136, 1151-1152.)

Additional causes of action in the TACC included conversion, conspiracy, defamation and intentional infliction of emotional distress. To the extent these claims were intended to apply to Allstate, they did not include allegations of any conduct by Allstate.

Allstate also refutes Rowley's argument that a technical violation of Code of Civil

9

Procedure section 472d is an abuse of discretion, giving rise to a reversible error.

Although section 472d of the Code of Civil Procedure requires the trial court to state the grounds upon which it sustains a demurrer, "on appeal its importance is minimal since the ruling will be upheld on any sufficient ground, whether relied on by the court below or not." (*Wheeler v. County of San Bernardino* (1978) 76 Cal.App.3d 841, 846 at fn. 3.) A technical violation is harmless error absent a demonstration of prejudice by the plaintiff. (*Banerian v. O'Malley, supra*, 42 Cal.App.3d at p. 610.)

In actuality, the court gave a lengthy explanation for its ruling, describing Rowley's failure to allege the factual basis for Allstate's liability. In any event, Rowley cannot show any prejudice when he admits the demurrer was properly sustained.

As to Rowley's primary argument that the court abused its discretion by denying him leave to amend because the FACC purportedly shows that the defects can be cured, we agree that the proposed FACC was not submitted to the court until 40 days after it ruled on the demurrers and nine days after the entry of judgment. The trial court did not read nor consider the FACC or its exhibits when it sustained Allstate's demurrer. Therefore, it cannot have abused its discretion by failing to consider documents which were never before it.

Finally, even if this court were to consider whether the FACC states a viable cause of action, we would not find an abuse of discretion. "Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable

10

possibility that the defect can be cured by amendment." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349, citing *Temescal Water Co. v. Department of Public Works* (1955) 44 Cal.2d 90, 107.)  The liberality of this rule applies provided the pleader did not have "a fair prior opportunity" to correct the substantive defect.  (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1387; *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1227.)  Otherwise, leave to amend can be "properly denied."  (*Titus v. Canyon Lake Property Owners Assn.* (2004) 118 Cal.App.4th 906, 918.)  The trial court is not required to offer a plaintiff endless chances to amend. (*Taliaferro v. Prettner* (1955) 135 Cal.App.2d 157, 160-161.)   After all, "there is a limit to which the patience of the trial court may be extended in the matter of allowing repeated attempts to amend a faulty pleading." (*Consolidated Concessions Co. v. McConnell* (1919) 40 Cal.App. 443, 446.)  Here, the record shows Rowley had far more than "a fair opportunity" to correct the defects in his complaint.  After two years of proceedings—beginning with Rowley's original complaint in April 2009—the court was unquestionably justified in denying further leave to amend in order to preserve the proper administration of justice.

Therefore, the trial court did not abuse its discretion when it sustained Allstate's demurrer to the TACC without leave to amend.

B.  *Schmidt's Demurrer*

A demurrer may be sustained without leave to amend when previous pleadings contradict the present pleading.  (*Mercury Casualty Company v. Superior Court* (1986)

11

179 Cal.App.3d 1027, 1035; *Banis Restaurant Design, Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1044.)  The TACC is actually Rowley's fifth attempt to plead a viable cause of action against Schmidt, beginning with two form complaints in April and July 2009.  Rowley then filed an amended and SACC in September and October 2010.  Throughout Rowley generally accuses Schmidt of converting or, in the alternative, failing to safeguard his postage stamp and baseball card collections.  In the TACC, Rowley finally alleges that Schmidt took his property, including Rowley's keys, which Schmidt converted to his own use.  Rowley, however, contradicts his previous allegations that Schmidt and his wife had collected Rowley's property from a motel room at his request to be used for bail collateral.

Under one version of the facts asserted by Rowley, he requested Schmidt to take possession of his property.  Consent or authorization by the owner is a legal justification and defense to conversion.  (*Hartford Financial Corp. v. Burns* (1979) 96 Cal.App.3d 591, 598; *Klett v. Security Acceptance Co.* (1952) 38 Cal.2d 770, 789-790; *Newhart v. Pierce* (1967) 254 Cal.App.2d 783, 793.)  Furthermore, "'[n]egligence in caring for the goods is not an act of dominion over them such as is necessary to make the bailee liable as a converter.  [Citations.]'  (*George v. Bekins Van & Storage Co.* (1949) 33 Cal.2d 834, 838.)"  (*Simonian v. Patterson* (1994) 27 Cal.App.4th 773, 781.)  The acting of moving property from one place to another, without assertion of ownership does not constitute conversion.  (*Id.* at p. 782.)  Finally, a plaintiff alleging conversion must plead defendant has a capacity to return the property but has failed to do so.  (*Ibid.*)

12

Rowley has pleaded none of the required allegations in his TACC and, in previous complaints, he alleged that Schmidt acted under his direction and at his request, making it impossible for him to plead a viable conversion claim. In view of his previous complaints, although Rowley contends the trial court's failure to grant leave to amend constituted an abuse of discretion, he cannot provide additional evidentiary facts to support his complaint. There is no reasonable possibility an amendment can cure this defective pleading. We conclude, as a matter of law, that the allegations of the TACC do not state a cause of action for conversion against Schmidt.

## C. Tenwick's Demurrer

In the TACC, Rowley alleged that Tenwick/All-Mobile converted his personal property worth $5 million. Rowley made the following specific allegations against Tenwick/All-Mobile:

"27. Plaintiff ran out of bail money in April 2007 because the conspirators (above) drained his bank accounts . . . and All-Mobile drained his escrow account on April 2, 2007 . . . and All-Mobile drained his escrow account on April 6, 2007 . . . then on April 26, 2007 arrested Plaintiff in his home and at gunpoint took Plaintiff's keys from him and gave them to persons unknown."[3]

Rowley further alleged that All-Mobile conspired with other defendants to deprive him of his civil rights by false arrests and imprisonment in January 2005 and for two

---

[3] Of course, Rowley also alleged Schmidt took his keys.

13

years.  Rowley asked for damages of $2 million.  Rowley also asked for damages of $10 million against all defendants, including All-Mobile for defamation and intentional infliction of emotional distress.

Tenwick demurred to the TACC on the grounds of uncertainty, ambiguity, and failure to state a cause of action.  (Code Civ. Proc., § 430.10, subds. (e) & (f).)  At the hearing, Rowley accused Tenwick of taking his keys, apparently allowing other people to gain possession of his stolen property.  Tenwick responded:  "Mr. Rowley in every one of his Complaints has alleged that we've done something different.  Initially it was we were encouraging [*sic*] him and then basically it was we falsely arrested him.  Then it was we've taken money illegally.  We've had secret meetings.  We've stolen his belongings.  Now we're taking his keys.  He can't seem to decide what he wants to go after us for.  He's never addressed the fact that he was out on bail.  He missed court.  [¶]  He was arrested because he failed to appear in court and our private investigator arrested him in his home."  The court sustained the demurrer without leave to amend.

Although Tenwick has not filed a respondent's brief, we have reviewed her demurrer to the complaint against her.  We hold the trial court did not abuse its discretion.  First, it is patently obvious from the pleadings on their face that Rowley has failed to allege the legal elements required to state a cause of action for conversion, violation of civil rights, defamation, or intentional infliction of emotional distress.  Furthermore, although uncertainty—including ambiguity—is disfavored, a demurrer for uncertainty will be sustained where the complaint is so bad that the defendant cannot

14

reasonably respond; i.e., she cannot reasonably determine what issues must be admitted or denied, or what counts or claims are directed against her. (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 616; *Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 139, fn. 2.) Here the complaint is mostly unintelligible so it is not even possible to specify exactly how it is uncertain. (See *Fenton v. Groveland Community Services Dist.* (1982) 135 Cal.App.3d 797, 809.)

Under these circumstances, the trial court clearly did not abuse its discretion in sustaining Tenwick's demurrer without leave to amend after giving Rowley multiple chances to amend.

IV

DISPOSITION

We affirm the judgment and order the parties to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

KING
J.

15